**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRYAN WHITNEY,**

       **Petitioner,**

**v.**                                  **Case No. 4:13cv129-MW/CAS**

**N.C. ENGLISH, WARDEN,**

       **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS AMENDED § 2241 PETITION**

On or about March 18, 2013, Petitioner Bryan Whitney, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with attachments. Doc. 1.  After direction by this Court, Doc. 3, Petitioner filed an amended § 2241 petition, Doc. 6.  On July 16, 2013, Respondent filed an answer, with attachments.  Doc. 10.  Petitioner filed a reply on August 2, 2013.  Doc. 11.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## Background and Procedural History

By indictment filed October 27, 2005, in the United States District Court for the Northern District of New York, case number 3:05cr498-TJM, Petitioner Bryan Whitney was charged with thirty-six (36) counts of distributing child pornography via the internet in interstate commerce in violation of 18 U.S.C. § § 2252A(a)(2)(A) and (B) and 2256, and one count of possession of child pornography that had been mailed or shipped in interstate commerce in violation of 18 U.S.C. § 2252(a)(5)(B).  Doc. 10 Ex. 1.  On January 19, 2006, Whitney entered a guilty plea to the first count of the indictment, and the Government agreed to move to dismiss the remaining charges.  *Id.* Ex. 2.  On May 23, 2006, the court sentenced Whitney to 320 months in prison, followed by 25 years of supervised release.  *Id.* Ex. 3.  Whitney did not appeal or file a motion under 28 U.S.C. § 2255.

As indicated above, on or about March 18, 2013, Whitney, an inmate at the Federal Correctional Institution in Marianna, Florida, submitted to this Court the instant petition for writ of habeas corpus pursuant to § 2241.  Docs. 1, 6.  In his amended § 2241 petition, Whitney raises four grounds:

(1) Lack of Jurisdiction – "No standing to 'sue'" where court of conviction "did not have jurisdiction . . . had no injury-in-fact, never at any point proved injury-in-fact," and thus "had no standing to confer any jurisdiction upon the court."  Doc. 6 at 3.

(2) Lack of Jurisdiction – "Title 18 was never constitutionally valid" as it was not "voted into positive law" and therefore "the United States District Courts have no lawful jurisdiction to arrest, detain, charge, indict, or imprison under any lawful authority."  *Id.*

(3) Lack of Jurisdiction – "Jurisdiction never proven on record."  *Id.* at 4.

(4) Lack of Jurisdiction – The Comprehensive Crime Control Act "was not positive law" and "was only valid until September 30, 1985," therefore Whitney's 2005 conviction is unlawful. *Id.*

Respondent filed an answer, with attachments. Doc. 10. Respondent explains that, because Whitney does not attack the means of execution of his sentence, and challenges only the validity of his conviction and sentence on the ground that the federal district court lacked jurisdiction, his appropriate avenue of attack is 28 U.S.C. § 2255, not § 2241. *Id.* at 4. Because Whitney is time-barred from proceeding under § 2255, he now seeks relief in the § 2241 petition pursuant to the "savings clause" of 28 U.S.C. § 2255. *Id.* Respondent asserts the petition should be dismissed because Whitney has not satisfied the test set forth in Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999), to proceed under the savings clause. *Id.* at 5-6.

In his reply, Whitney points out that this court allowed the case to proceed and directed Respondent to answer. Doc. 11 at 1-2. Whitney again asserts the court of conviction lacked jurisdiction to proceed in his case. *Id.* at 2-6. Whitney asserts Respondent has failed to answer his claims. *Id.* at 6-7.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.

342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries

became inundated with habeas petitions, and because the materials, witnesses, and

other evidence which had a significant bearing on the determination of the legality of a

sentence were generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See*

Hayman, 342 U.S. at 212–14, 218; *see also* Wofford, 177 F.3d at 1239.

The language of § 2255 suggests, and the Eleventh Circuit has expressly

concluded, that this statute channels challenges to the legality of the imposition of a

sentence, while leaving § 2241 available to challenge the continuation or execution of

an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348,

1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally imposed

sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the

administration of sentences or parole, prison disciplinary actions, prison transfers, and

certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging

decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas

v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is

properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th

Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits,

including calculation, awarding, and withholding, involves execution rather than

imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction.  *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.  The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion.  In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h); Gilbert [v. United States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en banc)].  This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."  Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542 F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); <u>Wofford</u>, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language, known as the "savings clause," allows review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244.  Failure to meet a single prong means a petitioner's claim fails.  *See* <u>Wofford</u>, 177 F.3d at 1244; <u>Flint v. Jordan</u>, 514 F.3d 1165, 1168 (11th Cir. 2008).  "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions." <u>Samak v. Warden, FCC Coleman-Medium</u>, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing <u>Williams</u>, 713 F.3d at 1337-38).  A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.  *Id.*

In this case, as Respondent indicates, Whitney's § 2241 petition challenges the validity of his conviction and sentence, not the execution thereof.  Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241.  *See, e.g.*, <u>Antonelli</u>, 542 F.3d at 1351-52; <u>Sawyer</u>, 326 F.3d at 1365; <u>Jordan</u>, 915 F.2d at 629.

Section 2255(e) bars a § 2241 petition if the petitioner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  As Respondent indicates, and Whitney acknowledges,

Whitney not file a § 2255 motion.  The narrow exception to the § 2255(e) bar is the savings clause and, to proceed thereunder, Whitney would have to show that § 2255 is "inadequate or ineffective" to challenge the legality of his detention.  28 U.S.C. § 2255(e).  Whitney has not made this showing.

In particular, as Respondent points out, Whitney does not explain how he satisfies the Wofford test.  Doc. 10 at 5-6; *see* Docs. 6 and 11.  *See also* Lee v. Vazquez, 266 F. App'x 846 (11th Cir. 2008) (holding district court properly dismissed § 2241 petitioner and explaining that petitioner did not satisfy Wofford test where his petition "[h]is petition does not claim that he was convicted of a crime that a retroactively applicable Supreme Court decision has made nonexistent" but "[i]nstead, it claims that the district court that convicted [him] lacked subject matter jurisdiction, a claim that he had ample opportunity to raise at trial, on direct appeal, and in a § 2255 motion").  Indeed, Whitney does not indicate how he satisfies any of the requirements to proceed under § 2255(e), whether under Wofford or subsequent decisions.  *See* Gilbert, 640 F.3d at 1319 (explaining that three-factor test in Wofford was "only dicta" and "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings"); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1334 (11th Cir. 2013) ("The upshot of Gilbert, then, is that the last bastion in which a petitioner claiming an error in the application of the sentencing guidelines can possibly seek refuge through § 2241 is when his claims involve an intervening change in the law that renders erroneous the ACCA violent felony enhancement used to enhance his sentence beyond the statutory

maximum."); Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th

Cir. 2013) (explaining: "Wofford's holding establishes two necessary conditions –

although it does not go so far as holding them to be sufficient – for a sentencing claim to

pass muster under the savings clause.  First, the claim must be based upon a

retroactively applicable Supreme Court decision.  The second, and equally essential,

condition is that the Supreme Court decision must have overturned a circuit court

precedent that squarely resolved the claim so that the petitioner had no genuine

opportunity to raise it at trial, on appeal, or in his first § 2255 motion."); Bryant v.

Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013) ("To show his

prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,'

Bryant must establish that (1) throughout his sentencing, direct appeal, and first § 2255

proceeding, our Circuit's binding precedent had specifically addressed Bryant's distinct

prior state conviction that triggered § 924(e) and had squarely foreclosed Bryant's

§ 924(e) claim that he was erroneously sentenced above the 10-year statutory

maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the

Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as

extended by this Court to Bryant's distinct prior conviction, overturned our Circuit

precedent that had squarely foreclosed Bryant's § 924(e) claim; (3) the new rule

announced in Begay applies retroactively on collateral review; (4) as a result of Begay's

new rule being retroactive, Bryant's current sentence exceeds the 10-year statutory

maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e)

reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty in § 924(a).").

<u>Conclusion</u>

For the reasons set forth above, Whitney has not shown entitlement to proceed under 28 U.S.C. § 2241.  Accordingly, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 6) be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2015.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO PARTIES**</u>

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**